**Form 3015-1 - Chapter 13 Plan**
## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
## FERGUS FALLS DIVISION

| | |
|---|---|
| In re:<br>Andrew G. Olson<br>Kara L. Olson | CHAPTER 13 PLAN<br><br>Dated:     **07/08/2011** |
| Debtor<br>*In a joint case,*<br>*debtor means debtors in this plan.* | Case No.   **11-60653** |

1. **DEBTOR'S PAYMENTS TO TRUSTEE --**

   a.   As of the date of this plan, the debtor has paid the trustee _____.

   b.   After the date of this plan, the debtor will pay the trustee ____**$550.00**____ per ____**month**____ for ____**60 months**____, beginning within 30 days after the order for relief for a total of ____**$33,000.00**____. The minimum plan length is ☑ 36 or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

   c.   The debtor will also pay the trustee _____

   _____

   _____

   d.   The debtor will pay the trustee a total of ____**$33,000.00**____ [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE --** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or ____**$3,300.00**____ [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] --** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| TOTAL | | | **$0.00** |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] --** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|

5. **CLAIMS NOT IN DEFAULT --** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] --** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors wil retain liens. ALL FOLLOWING ENTRIES ARE ESTIMATES. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| TOTAL | | | | | **$0.00** |

7. **CLAIMS IN DEFAULT [§ 1322(b)(3) and (5) and § 1322(e)] --** The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ALL FOLLOWING ENTRIES ARE ESTIMATES, EXCEPT FOR INTEREST RATE.

| Creditor /<br>Amount of<br>Default | Int. rate<br>(if applicable) | Monthly<br>Payment | Beginning<br>in Month # | Number of<br>Payments | TOTAL<br>PAYMENTS |
|---|---|---|---|---|---|

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FERGUS FALLS DIVISION

Case No.:   11-60653
Debtor(s):   Andrew G. Olson
             Kara L. Olson

**Chapter 13 Plan**

| | | |
|---|---|---|
| TOTAL | | $0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** --The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor / Claim Amount | Secured Claim | Int. Rate | Beg. in Month # | (Monthly Payment) | x | (Number of Payments) | = | Payments on Account of Claim | + | (Adequate Protection from ¶ 3) | = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Avanti Federal Credit Union** | | | | | | | | | | | | |
| $11,081.93 | $4,000.00 | 8.59% | 3 | Pro-Rata | | 33 | | $4,572.09 | | | | $4,572.09 |
| **Home Federal Bank** | | | | | | | | | | | | |
| $8,868.23 | $8,868.23 | 7.75% | 3 | Pro-Rata | | 33 | | $10,003.44 | | | | $10,003.44 |
| TOTAL | | | | | | | | | | | | $14,575.53 |

9. **PRIORITY CLAIMS** -- The trustee will pay in full all claims entitled to priority under § 507, including the following. THE AMOUNTS LISTED ARE ESTIMATES. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | | | | | |
| **Madlom Law Office** | $1,275.00 | Pro-Rata | 1 | 3 | $1,275.00 |
| b. Domestic Support | | | | | |
| c. IRS | | | | | |
| **Internal Revenue Service** | $1,150.00 | Pro-Rata | 3 | 33 | $1,150.00 |
| d. MN Dept. of Rev. | | | | | |
| e. Other: | | | | | |
| f. TOTAL | | | | | $2,425.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** -- In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   <u>See below</u>
The trustee will pay the allowed claims of the following creditors. ALL ENTRIES BELOW ARE ESTIMATES.

| Creditor / Description | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| TOTAL | | | | | | $0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** -- The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately <u>$12,699.47</u> [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f) and 10(c)].

    a.   The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are <u>$7,081.93</u>.

    b.   The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are <u>$113,825.92</u>.

    c.   Total estimated unsecured claims are <u>$120,907.85</u> [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** -- All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claims were tardily filed.

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FERGUS FALLS DIVISION

Case No:    11-60653
Debtor(s):    Andrew G. Olson
              Kara L. Olson

Chapter 13 Plan

13.   **OTHER PROVISIONS** -- The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

**MN Special Provision**

Debtors shall make payments as called for by this repayment Plan directly to Mr Kyle Carlson, Trustee, 2900 Momentum Place, Chicago, IL 60689-5329. The effective date of this Plan shall be the day the Plan is docketed with the Bankruptcy Court. The Debtors reserve the right to cure any default under this Plan within 30 days of the default. Debtors pledge all disposable income for the duration of the Plan.

The Debtors shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The Debtors shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $2,000 plus any earned income creditor (EIC). Any remaining amounts shall be turned over to the Chapter 13 Trustee as additional plan payments.

14.   **SUMMARY OF PAYMENTS** --

| | |
|---|---:|
| Trustee's Fee [Line 2] | $3,300.00 |
| Home Mortgage Defaults [Line 6(d)] | $0.00 |
| Claims in Default [Line 7(d)] | $0.00 |
| Other Secured Claims [Line 8(d)] | $14,575.53 |
| Priority Claims [Line 9(f)] | $2,425.00 |
| Separate Classes [Line 10(c)] | $0.00 |
| Unsecured Creditors [Line 11] | $12,699.47 |
| Total [must equal Line 1(d)] | $33,000.00 |

Insert Name, Address, Telephone and License Number of Debtor's Attorney:

Bruce L. Madlom
Bar no. N.D. 04716
Madlom Law Office
1330 Gateway Dr. S.W.
P.O. Box 9693
Fargo, ND 58106-9693
(701) 235-0505

/s/ Andrew G. Olson
_____
Andrew G. Olson
*Debtor*

/s/ Kara L. Olson
_____
Kara L. Olson
*Debtor (if joint case)*